IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BAYER INTELLECTUAL PROPERTY GMBH, BAYER AG, and JANSSEN PHARMACEUTICALS, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. _____ |
| TORRENT PHARMACEUTICALS, LIMITED, and TORRENT PHARMA INC. | ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT

Plaintiffs Bayer Intellectual Property GmbH ("BIP"), Bayer AG (Bayer AG and BIP are collectively referred to herein as "Bayer"), and Janssen Pharmaceuticals, Inc. ("Janssen") (Bayer and Janssen are collectively referred to herein as "Plaintiffs"), by their attorneys, for their Complaint, hereby allege as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, that arises out of the submission by Torrent Pharmaceuticals Limited and Torrent Pharma Inc. of an Abbreviated New Drug Application ("ANDA") to the U.S. Food and Drug Administration ("FDA") seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of generic versions of Plaintiffs' XARELTO® products prior to the expiration of U.S. Patent No. 9,539,218.

## THE PARTIES

### Plaintiffs

2. Plaintiff Bayer Intellectual Property GmbH is a corporation organized and existing under the laws of the Federal Republic of Germany, with a place of business at Alfred-Nobel-Strasse 10, 40789 Monheim am Rhein, Germany.

3. Plaintiff Bayer AG is a corporation organized and existing under the laws of the Federal Republic of Germany, with a place of business at Kaiser-Wilhelm-Allee 1, 51368 Leverkusen, Germany.

4. Plaintiff Janssen Pharmaceuticals, Inc. is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a place of business at 1125 Trenton-Harbourton Road, Titusville, New Jersey.

### Torrent

5. On information and belief, Defendant Torrent Pharmaceuticals, Limited is a corporation organized and existing under the laws of India, with a place of business at Torrent House, Off Ashram Road, Ahmedabad, 380 009, Gujarat, India.

6. On information and belief, Defendant Torrent Pharma Inc. is a corporation organized and existing under the laws of Delaware, with a place of business at 150 Allen Road, Suite 102, Basking Ridge, New Jersey.

7. On information and belief, Defendant Torrent Pharma Inc. is a wholly owned subsidiary of Torrent Pharmaceuticals, Limited, and is controlled and dominated by Torrent Pharmaceuticals, Limited.

8. On information and belief, Torrent Pharmaceuticals, Limited is in the business of, among other things, manufacturing, marketing, distributing, offering for sale, and

selling generic drug products. As a part of this business, on information and belief, Torrent Pharmaceuticals, Limited, acting in concert with Torrent Pharma Inc., files ANDAs with the FDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of generic versions of drug products that are covered by United States patents. On information and belief, as part of these ANDAs, Torrent Pharmaceuticals, Limited, acting in concert with Torrent Pharma Inc., files certifications of the type described in Section 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug, and Cosmetic Act ("Paragraph IV Certifications") to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of generic drug products prior to the expiration of United States patents that cover such products.

9. On information and belief, and consistent with their practice with respect to other generic products, Torrent Pharmaceuticals, Limited and Torrent Pharma Inc. acted in concert to prepare and submit ANDA No. 208556 for Torrent Pharmaceuticals, Limited's 10 mg, 15 mg, and 20 mg rivaroxaban tablets ("Torrent's ANDA Products"), which was done at the direction of, under the control of, and for the direct benefit of Torrent Pharmaceuticals, Limited.

10. On information and belief, Torrent Pharmaceuticals, Limited and Torrent Pharma Inc. are agents of each other, and/or operate in concert as integrated parts of the same business group, and enter into agreements with each other that are nearer than arm's length, including with respect to the development, regulatory approval, marketing, sale, offer for sale, and distribution of generic pharmaceutical products throughout the United States, including into Delaware, and including with respect to Torrent's ANDA Products at issue.

11. On information and belief, following any FDA approval of ANDA No. 208556, Torrent Pharmaceuticals, Limited and Torrent Pharma Inc. will act in concert to market,

distribute, offer for sale, and sell Torrent's ANDA Products throughout the United States and within Delaware. These two entities are hereafter collectively referred to as "Torrent."

12. On information and belief, following any FDA approval of ANDA No. 208556, Torrent knows and intends that its ANDA Products will be marketed, used, distributed, offered for sale, and sold in the United States and within Delaware.

## JURISDICTION

13. Plaintiffs incorporate each of the preceding paragraphs as if each fully set forth herein.

14. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

15. This Court has personal jurisdiction over Torrent Pharma Inc. because, among other things, Torrent Pharma Inc. is a corporation formed under the laws of the State of Delaware.

16. In addition, this Court has personal jurisdiction over Torrent Pharmaceuticals, Limited and Torrent Pharma Inc. because, among other things, on information and belief: (1) Torrent Pharmaceuticals, Limited, acting in concert with Torrent Pharma, Inc., has filed an ANDA for the purpose of seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Torrent's ANDA Products in the United States, including in Delaware; and (2) Torrent Pharmaceuticals, Limited and Torrent Pharma Inc., acting in concert and/or as agents of one another, will market, distribute, offer for sale, and/or sell Torrent's ANDA Products in the United States, including in Delaware, upon approval of ANDA No. 208556, and will derive substantial revenue from the use or consumption of Torrent's ANDA Products in the State of Delaware. On information and belief, if ANDA No.

4

208556 is approved, the generic Torrent products charged with infringing the '218 patent would, among other things, be marketed, distributed, offered for sale, and/or sold in Delaware, prescribed by physicians practicing in Delaware, and dispensed by pharmacies located within Delaware, and/or used by patients in Delaware, all of which would have a substantial effect on Delaware.

17. Torrent Pharmaceuticals, Limited and Torrent Pharma Inc. have consented to jurisdiction in Delaware in one or more prior cases arising out of the filing of its ANDAs, including Case No. 15-902 involving the same ANDA at issue here, and it has filed counterclaims in such cases.

18. Alternatively, if Torrent Pharmaceuticals, Limited's connections with Delaware, including its connections with Torrent Pharma Inc., are found to be insufficient to confer personal jurisdiction, then upon information and belief, Torrent Pharmaceuticals, Limited is not subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction over Torrent Pharmaceuticals, Limited in Delaware is consistent with the United States Constitution and laws. *See* Fed. R. Civ. P. 4(k)(2).

## FACTUAL BACKGROUND

19. XARELTO® (active ingredient rivaroxaban) is a factor Xa inhibitor indicated: (i) to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation; (ii) for the treatment of deep vein thrombosis (DVT), pulmonary embolism (PE), and for the reduction in the risk of recurrence of DVT and of PE; and (iii) for the prophylaxis of DVT, which may lead to PE in patients undergoing knee or hip replacement surgery. XARELTO® is available as tablets in 10 mg, 15 mg, and 20 mg dosage strengths.

20. Janssen is the holder of New Drug Application No. 022406 for XARELTO®, which has been approved by the FDA.

21. U.S. Patent No. 9,539,218 ("the '218 patent"), entitled "Prevention and Treatment of Thromboembolic Disorders," was duly and legally issued on January 10, 2017. The '218 patent is attached as Exhibit A.

22. As set forth in greater detail in the '218 patent, the claims of the '218 patent, incorporated by reference herein, cover certain methods involving rivaroxaban. For example, claim 1 recites, "A method of treating a thromboembolic disorder comprising administering a direct factor Xa inhibitor that is 5-Chloro-N-({(5S)-2-oxo-3-[4-(3-oxo-4-morpholinyl)phenyl]-1,3-oxazolidin-5-yl}methyl)-2-thiophenecarboxamide no more than once daily for at least five consecutive days in a rapid-release tablet to a patient in need thereof, wherein the thromboembolic disorder is selected from the group consisting of pulmonary embolisms, deep vein thromboses, and stroke."

23. BIP is the assignee of the '218 patent.

24. Bayer AG is an exclusive licensee under the '218 patent.

25. Janssen is an exclusive sublicensee under the '218 patent.

26. Pursuant to 21 U.S.C. § 355, the '218 patent is listed in the Approved Drug Products with Therapeutic Equivalence Evaluations ("the Orange Book") in connection with XARELTO®.

**Infringement by Torrent**

27. By letter dated July 5, 2017 (the "Torrent Notice Letter"), Torrent notified BIP and Janssen, among others, that Torrent had submitted to the FDA ANDA No. 208556 for Torrent's ANDA Products. These products are generic versions of XARELTO®.

28. In the Torrent Notice Letter, Torrent stated that Torrent's ANDA Products contain rivaroxaban.

29. In the Torrent Notice Letter, Torrent stated that the dosage form of Torrent's ANDA Products is tablets. On information and belief, the dosage form of Torrent's ANDA Products satisfies the "rapid-release tablet" requirement of claim 1 of the '218 patent.

30. On information and belief, the proposed labeling for Torrent's ANDA Products directs the use of Torrent's ANDA Products for one or more of the following indications: (i) to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation; (ii) for the treatment of deep vein thrombosis (DVT), pulmonary embolism (PE), and for the reduction in the risk of recurrence of DVT and of PE; and (iii) for the prophylaxis of DVT, which may lead to PE in patients undergoing knee or hip replacement surgery. On information and belief, the proposed labeling for Torrent's ANDA Products further directs the use of Torrent's ANDA Products in a manner that satisfies the "no more than once daily for at least five consecutive days" requirement of claim 1 of the '218 patent.

31. In the Notice Letter, Torrent did not contest infringement of any claim of the '218 patent.

32. On information and belief, the manufacture, use (including in accordance with and as directed by Torrent's proposed labeling for Torrent's ANDA Products), offer for sale, sale, marketing, distribution, and/or importation of Torrent's ANDA Products will infringe at least claim 1 of the '218 patent.

33. In the Torrent Notice Letter, Torrent indicated that, in connection with its ANDA No. 208556, Torrent had filed Paragraph IV Certifications with respect to the '218 patent.

34. The purpose of ANDA No. 208556 was to obtain approval under the Federal Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, and/or sale of Torrent's ANDA Products with their proposed labeling prior to the expiration of the '218 patent.

35. Torrent intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Torrent's ANDA Products with their proposed labeling immediately and imminently upon approval of ANDA No. 208556, *i.e.*, prior to the expiration of the '218 patent.

36. Torrent has knowledge of the claims of the '218 patent. Notwithstanding this knowledge, Torrent has continued to assert its intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Torrent's ANDA Products with their proposed labeling immediately and imminently upon approval of ANDA No. 208556. On information and belief, by such activities, Torrent specifically intends to infringe the '218 patent.

37. On information and belief, Torrent plans and intends to, and will, actively induce infringement of the '218 patent when its ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval.

38. On information and belief, Torrent knows that Torrent's ANDA Products are especially made or adapted for use in infringing the '218 patent, and that Torrent's ANDA Products are not suitable for substantial noninfringing use. On information and belief, Torrent plans and intends to, and will, contribute to infringement of the '218 patent immediately and imminently upon approval of ANDA No. 208556.

39. The foregoing actions by Torrent constitute and/or will constitute infringement of the '218 patent, active inducement of infringement of the '218 patent, and/or contribution to the infringement by others of the '218 patent.

40. An actual case or controversy exists between Plaintiffs and Torrent with respect to infringement of the '218 patent.

41. This action is being commenced before the expiration of forty-five days from the date BIP and Janssen received the Torrent Notice Letter.

**CLAIM FOR RELIEF**
**(Infringement of the '218 Patent)**

42. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

43. Torrent's submission of ANDA No. 208556 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, and/or sale of Torrent's ANDA Products was an act of infringement of the '218 patent under 35 U.S.C. § 271(e)(2).

44. On information and belief, Torrent has made, and will continue to make, substantial preparation in the United States to manufacture, use, sell, offer to sell, and/or import Torrent's ANDA Products with their proposed labeling prior to the expiration of the '218 patent.

45. Torrent intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Torrent's ANDA Products with their proposed labeling immediately and imminently upon approval of ANDA No. 208556, *i.e.*, prior to the expiration of the '218 patent.

46. The foregoing actions by Torrent constitute and/or will constitute infringement of the '218 patent, active inducement of infringement of the '218 patent, and/or contribution to the infringement by others of the '218 patent.

47. Unless Torrent is enjoined from infringing the '218 patent, actively inducing infringement of the '218 patent, and contributing to the infringement by others of the '218 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs request the following relief:

(a) A judgment that Torrent has infringed the '218 patent;

(b) A judgment ordering that the effective date of any FDA approval for Torrent to make, use, offer for sale, sell, market, distribute, or import Torrent's ANDA Products, or any product or compound the use of which infringes the '218 patent, be no earlier than the expiration date of the '218 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(c) A preliminary and permanent injunction enjoining Torrent, and all persons acting in concert with Torrent, from making, using, selling, offering for sale, marketing, distributing, or importing Torrent's ANDA Products, or any product or compound the use of which infringes the '218 patent, or the inducement of or the contribution to any of the foregoing, prior to the expiration date of the '218 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(d) A declaration that this is an exceptional case and an award of attorneys' fees for Plaintiffs pursuant to 35 U.S.C. § 285;

(e) An award of Plaintiffs' costs and expenses in this action; and

(f) Such further and other relief as this Court may deem just and proper.

| | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|---|---|
| | */s/ Jack B. Blumenfeld* |
| | Jack B. Blumenfeld (#1014)<br>Rodger D. Smith II (#3778)<br>Derek J. Fahnestock (#4705)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>rsmith@mnat.com<br>dfahnestock@mnat.com |
| OF COUNSEL: | |
| Adam L. Perlman<br>Dov P. Grossman<br>Alexander S. Zolan<br>Martha C. Kidd<br>Kathryn S. Kayali<br>WILLIAMS & CONNOLLY LLP<br>725 Twelfth Street NW<br>Washington, DC 20005<br>(202) 434-5000<br>*Attorneys for Plaintiffs Bayer Intellectual Property GmbH and Bayer AG* | *Attorneys for Plaintiffs Bayer Intellectual Property GmbH, Bayer AG, and Janssen Pharmaceuticals, Inc.* |

David T. Pritikin
Lisa A. Schneider
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
(312) 853-7000

Bindu Donovan
S. Isaac Olson
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
(212) 839-5300

*Attorneys for Plaintiff Janssen Pharmaceuticals, Inc.*

August 18, 2017

11